UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:12CV2042 HEA |
| | ) |
| LORA JANE SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of John J. Smith for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action for monetary and injunctive relief pursuant to 42 U.S.C. § 1983. The named defendants are Lora Jane Smith (plaintiff's ex-wife), David D. Howard (Attorney), Michael Todt (Attorney), Karl Demarce (Missouri "Special Judge"), and David Tobben (Missouri "Special Judge"). Plaintiff alleges that Howard and Todt represent Lora Smith in a family court dispute, *Smith v. Smith*, 0511-FC03508 (11th Cir. Court). Plaintiff states that Judge Demarce found plaintiff to be in contempt of an alleged "void Judgment and Decree of Dissolution," resulting in plaintiff's brief incarceration. Plaintiff complains that he has filed several motions in the case, which Judge Tobben has not yet ruled. Plaintiff believes that Judge Tobben is denying his due process rights by not promptly ruling the motions.

Plaintiff claims that Judge Tobben also entered an order garnishing his social security checks. Plaintiff requests that this Court intervene in the state court action and reverse the garnishment of his wages. Plaintiff also seeks a temporary restraining order "directing that Lora J. Smith pay into Court the monthly garnishment of [his] social security wages in the amount of $650."

## Discussion

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Lora Jane Smith, David Howard, and Michael Todt are not state actors within the meaning of § 1983, and therefore, the complaint will be dismissed as legally frivolous as to these defendants.

The complaint is also legally frivolous as to defendants Karl Demarce and David Tobben, because judges are immune from liability for damages under § 1983 where, as here, the alleged wrongdoings were performed within their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(judge immune from liability for damages under §1983 where alleged wrongdoings were performed within judicial capacity).

Moreover, to the extent that plaintiff is now seeking review, or enforcement, of a Missouri state-court judgment, his remedies lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the Supreme Court. *Id*.

Last, the Court notes that, pursuant to the "domestic relations exception," federal courts are divested of jurisdiction over any action in which the subject is a divorce, allowance of alimony, or child custody. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994). In addition, when a cause of action closely relates to, but does not precisely fit into, the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction. *Id*. Although plaintiff's claims are drafted to sound in constitutional law, a review of them indicates that they are either directly related to or are so interwoven with his divorce proceedings that subject matter jurisdiction does not lie with this Court. If the Court took jurisdiction over this action, it would needlessly entangle itself in a state court divorce proceeding from which it must abstain. The state court in which these proceedings lie is better equipped to handle the issues that have arisen.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] and motion for temporary restraining order [Doc. #5] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of November, 2012.

　　　　　　　　　　　　　　　　　　／s／ Henry Edward Autery
　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTERY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE